THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EILEEN McCABE, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, September 13, 1932.

*James F. Twohy*, for the appellant.

*William F. X. Geoghan, District Attorney [George F. Palmer, Jr.,* of counsel], for the respondent.

PER CURIAM. We are forced to reverse this conviction on a point but indirectly raised by the appellant.

The appellant was charged with simple assault and at the conclusion of the trial defendant's counsel asked that the charge be reduced to disorderly conduct, and on consent of both sides the magistrate reduced said complaint to disorderly conduct by indorsement upon the papers as follows: " Upon motion of defendant's attorney, and consented to by the attorney for the complainant herein, the within charge of simple assault is treated as disorderly conduct, *the same as contemplated by Section 1458 of the Consolidation Act of the City of New York.*" (Italics ours.)

We must, therefore, assume that the charge against the appellant was a violation of section 1458 of the Consolidation Act.

The evidence shows that the disorderly conduct complained of did not occur in a public place and section 1458 expressly provides that the acts complained of must occur in a public place.

Had this conviction been based on a complaint charging a violation of section 1459 of the Consolidation Act it might have been sustained. A similar situation arose in the case of *People* v. *O'Brien*, decided by this court on April 30, 1929, and in reversing said judgment the court condemned the practice of rendering a

judgment of conviction without directing that a new complaint be drawn charging such offense.

It is logical and proper where a defendant is charged with simple assault or other crime and where such assault or other crime is reduced by the city magistrate to disorderly conduct, that a complaint charging the defendant with disorderly conduct be properly signed and sworn to in order to confer upon the magistrate summary jurisdiction to try and determine the issue.

It is incumbent upon us, therefore, to reverse this conviction upon the law, the facts not examined and the complaint is dismissed.

All concur; present, KERNOCHAN, P. J., FETHERSTON and SALOMON, JJ.