THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FANNY FREUNDLICH, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, September 21, 1932.

*Tischler & Gottesman* [*Jacob F. Gottesman* of counsel], for the appellant.

*William F. X. Geoghan, District Attorney* [*George F. Palmer, Jr.,* of counsel], for the respondent.

KERNOCHAN, J. The magistrate convicted the appellant of disorderly conduct. The complaint before the magistrate charged assault in the third degree. At the end of the People's case it was reduced to a charge of disorderly conduct.

No complaint for disorderly conduct was prepared but the magistrate indorsed on the papers that he would consider the complaint of assault as charging a violation of section 722, subdivision 2, of the Penal Law (disorderly conduct).

This is a practice which we strongly deprecate (See *People* v. *McCabe*, 144 Misc. 702), but do not feel that we can reverse this case for this reason.

The magistrate was justified by the evidence in convicting the appellant.

SALOMON, J., concurs.

FETHERSTON, J. (dissenting). I cannot concur in the affirmance of this judgment and vote to reverse the judgment appealed from and for a new trial.

The complaint charges: " That the defendant did strike deponent upon the back of the neck and the back part of the body, with a rope to which was attached two wooden handles, and as the result of said blows so delivered deponent fell down a flight of wooden stairs."

There is no direct testimony in the record supporting the allegation in the complaint that the defendant struck the complainant with the rope.

The testimony of the complainant is conflicting and unconvincing and raises serious doubt as to his truthfulness. He stated in effect that he did not see the defendant throw the rope; but had seen her pick it off the floor when he was leaving the defendant's home. His companion told a similar story and did not see the defendant throw the rope or the rope strike the complainant.

As against this testimony we have the explicit denial of the defendant that she threw the rope, which testimony is corroborated by that of her daughter who also testified that she threw the rope but that it did not strike the complainant.

We have the additional testimony of an apparently disinterested witness who saw the complainant and his witness leave the premises laughing and joking; which testimony contradicts that of the complainant as to his alleged injuries.

Taking into consideration the motive that actuated the complainant in going to the premises accompanied by his companion; the conflicting and contradictory character of the complainant's testimony and the lack of corroborative evidence, there is raised in my opinion a serious doubt as to the guilt of the defendant. Therefore, I vote for a reversal and for granting a new trial.